UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
HUGUES O'CSAY,                                                     :   **COMPLAINT**
                                                                   :
                                    Plaintiff,                     :   Civil Action No.:
                                                                   :
            -against-                                              :   **JURY TRIAL DEMANDED**
                                                                   :
                                                                   :
FRENCH-AMERICAN SCHOOL OF NEW YORK,                                :
INC. d/b/a FRENCH-AMERICAN SCHOOL OF                               :
NEW YORK                                                           :
                                                                   :
                                    Defendant.                     :
------------------------------------------------------------------ X

Plaintiff Hugues O'csay ("Plaintiff" or "Mr. O'csay") by his attorneys, Markus & Sheridan, LLP, as and for his Complaint against Defendant French-American School of New York ("FASNY"), alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff Hugues O'csay is currently a resident of Hunter, New York.

2. Defendant FASNY has been chartered continuously since 1980 by the Regents of the University of the State of New York on behalf of the State Education Department as an educational corporation operating under the name "French American School of New York" with the stated objective of providing education to students in grades K-12.

3. FASNY files income tax returns with the Internal Revenue Service as an IRC § 501(c)(3) tax-exempt corporation under the name "French American School of New York."

4. FASNY's campus and office facilities are in Larchmont and Mamaroneck, New York.

5. This is an action for equitable relief and monetary damages to redress FASNY's unlawful employment discrimination against Plaintiff based upon his age in violation of the Age

Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.* and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law Article 15 §§ 290, *et seq.* as well as breach of contract.

6. At all times relevant herein, Plaintiff was an "employee" of FASNY within the meaning of the ADEA and the NYSHRL.

7. At all times relevant herein, FASNY was an "employer" within the meaning of the ADEA and the NYSHRL.

8. FASNY employed and still employs more than 20 employees in the current or preceding calendar year.

## JURISDICTION

9. Jurisdiction in this Court arises under 28 U.S.C. §1331. Supplemental jurisdiction is also confirmed on this Court pursuant to 28 U.S.C. §1367. Plaintiff respectfully requests this Court to exercise jurisdiction over his pendant state law claim.

10. Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to the ADEA and the NYSHRL.

## VENUE

11. Plaintiff respectfully submits that venue lies in the United States District Court for the Southern District of New York under 28 U.S.C. §1391(b), (c), and (d), as FASNY is subject to the Court's personal jurisdiction in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has fully complied with all prerequisites for jurisdiction in this Court under the ADEA and the NYSHRL by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and filing the initial Complaint within ninety

(90) days of Plaintiff's receipt of the EEOC's notice informing Plaintiff of his right to sue in federal court (*i.e.*, July 21, 2021).  *See*, Exhibit "1" attached hereto.

## PRELIMINARY STATEMENT

13. Mr. O'csay is clearly a victim of age discrimination, and FASNY's position that Mr. O'csay's termination was lawful is belied by the facts. The documentary evidence disclosed pre-ligation already demonstrates that: (a) Mr. O'csay exceeded performance expectations for the last nine years of his employment at FASNY in teaching physical education and directing athletic departments; (b) FASNY breached its contractual obligations under Mr. O'csay's May 20, 2019 and January 15, 2020 employment agreements; and (c) FASNY engaged in a pattern and practice of discriminatory conduct against Mr. O'csay based on his age through the pretext of an alleged position elimination. (Indeed, the position elimination is a complete fabrication. FASNY simply re-titled the position and hired his assistant who was not credentialed and nineteen years his junior at half of his salary); and (d) its own document (*i.e.*, the Older Workers Benefit Protection Act (OWBPA) Disclosure provided at the time of termination) highlights that his termination was not part of a company restructuring as all of the individuals terminated with Mr. O'csay were tenured and respected employees over fifty who were replaced with younger, unqualified employees at lesser salaries.

## STATEMENT OF FACTS

14. Mr. O'csay, age fifty-nine, joined FASNY in 2011 with approximately thirty years of experience in teaching physical education and directing athletic departments. More importantly, that experience specifically involved French and/or French-American educational institutions.  FASNY hired Mr. O'csay as the Athletic Director for consecutive one-year terms of

employment beginning in 2011 for terms beginning on September 1st of the calendar year and ending on August 31st of the following year covering the entire school year.

15.     On May 20, 2019, Mr. O'csay and FASNY executed an employment agreement for the one-year term beginning on September 1, 2019 and ending on August 31, 2020 which covered the 2019-2020 school year (the "2019 Agreement"). A copy of the 2019 Agreement is annexed as Exhibit "2".

16.     Under the terms of the 2019 Agreement, Mr. O'csay was hired as an Athletic Director on a full-time basis with "academic duties" at an annual salary rate of $129,426 for the 2019-2020 school year, but commencing on September 1, 2020 and payable over twelve subsequent monthly installments.[1] The 2019 Agreement provided that FASNY could terminate the 2019 Agreement prior to the end of the term of the 2019 Agreement if FASNY eliminated the Athletic Director's position, and in such event, Mr. O'csay would be entitled to one month's salary less lawful withholdings and deductions. FASNY also agreed to provide Mr. O'csay with written notice of renewal by March 1, 2020 if it intended to renew his employment for a successive one-year term covering the 2020-2021 school year.

17.     On January 15, 2020, FASNY offered to renew Mr. O'csay contract for the 2020-2021 school year and the parties executed a new employment agreement on the same terms as the 2019 Agreement, save an increase in annual salary to $132,623 (the "2020 Agreement").  A copy of the 2020 Agreement is annexed as Exhibit "3".

18.     Before Mr. O'csay's arrival at FASNY, its athletics profile did not exist and, in any event, its notoriety was limited to only the French-speaking community. Over the nine years of his employment, Mr. O'csay's contribution put FASNY on the map for interscholastic sports.

---

[1] The Athletic Director's duties and responsibilities for the position are loosely defined under Paragraph 2 of the 2019 Agreement as those that "may from time to time be assigned" by FASNY.

Overseeing twenty coaches, Mr. O'csay increased FASNY's recognition in interleague sports programs, winning championships in Track & Field, Cross Country, Soccer, Rugby and Tennis, and developed opportunities for international tournaments for students in Europe, Canada, and the United States. Additionally, Mr. O'csay increased FASNY's league play to include thirty-two teams per year, and created a "sports night" to recognize student-athletes for their accomplishments. Mr. O'csay also formed a ski club and implemented an annual ski camp for students during February vacation that continued to bring revenue into the school year after year. In short, his contributions were laudable.

19. On June 22, 2020, FASNY notified Mr. O'csay of its decision to eliminate his position as Athletic Director allegedly based on the Covid-19 pandemic, and FASNY presented him with a Letter Agreement highlighting the position elimination ostensibly seeking to invoke the termination clause in the 2019 Agreement, a purported "revocation" of the 2020 Agreement, and outlining the terms of a severance payment of *two weeks* subject to execution of a general release. (The Agreements require a months' separation pay at a minimum in the event of a position elimination.) A copy of the Proposed Separation Agreement is annexed as Exhibit "4".

20. Beyond the obvious contractual breach, this is a discriminatory firing based on Mr. O'csay's age. The subsequent re-titling of Mr. O'csay's position indicates that the stated reason of position elimination was false and simply a pretext for age discrimination. FASNY re-titled Mr. O'csay's position of Athletic Director to "PE Teacher and Head of Physical Education" with the same responsibilities Mr. O'csay had as Athletic Director, and then hired Delphine Golebiowski, Mr. O'csay's assistant, to fill the position. Ms. Golebiowski is approximately nineteen years his junior, lacks any physical education degree, and has been hired at a far lesser

salary.[2] Additionally, despite the OWBPA Disclosure claim that these terminations were related to a company restructuring and/or position elimination, all of the individuals terminated were over fifty, and replaced with younger, unqualified employees at lower salaries. A copy of the OWBPA Disclosure is annexed as Exhibit "5".

### A. *Subsequent Events at FASNY and Plaintiff's Mitigation Efforts*

21. Further undercutting its potential defenses, FASNY recently advertised for the PE position for the coming 2021-2022 school year as FASNY has realized that it cannot maintain its French examination standards without a qualified person (which Ms. Golebiowski is not), and could lose its accreditation.

22. As employment agreements are posted and are usually signed each year by April/May for the next academic year, Mr. O'csay's June 2020 termination prevented him from securing a position for the 2020-2021 school year.

23. Despite significant effort to mitigate the effects of his termination, he has not secured a new position for 2021-2022 academic year.

24. As a result of his termination, Mr. O'csay is without an employer-sponsored family medical plan plus a Health FSA worth $2800, an employer-sponsored life insurance policy, and employer contributions to his 401(K).

### **FIRST CAUSE OF ACTION**

25. The acts committed by FASNY as set forth at length in paragraphs "1" through "24" of this Complaint, which are all deemed a part of this cause of action, constitute an unlawful discriminatory practice against Plaintiff based on his age in violation of the ADEA.

---

[2] By way of illustration, Mr. O'csay's official position at FASNY for the French government was PE teacher. In hiring Mr. O'csay, FASNY could not declare him as an Athletic Director because the position does not exist in France. Thus, to hire Mr. O'csay as a certified PE employee, they had to label his position as a teaching position. Indeed, Mr. O'csay taught 10th, 11th, and 12th grade while overseeing four other PE teachers during his tenure at FASNY.

26. The acts and conduct complained of herein took place as a result of Plaintiff's membership in a protected class and all took place while Plaintiff was an employee of FASNY and in the course of his FASNY employment.

27. The acts and conduct complained of herein supporting Plaintiff's claims for discrimination were committed by FASNY personnel, for whose acts FASNY is liable.

28. The acts and conduct complained of herein supporting Plaintiff's claims for discrimination were used as a basis for decisions affecting the terms, conditions, and privileges of his employment, including without limitation his ultimate discharge from FASNY.

29. As a direct and proximate result of FASNY's conduct, Plaintiff has suffered and will continue to suffer from, among other things, a significant loss of income, benefits, as well as other losses associated with the effects of FASNY's conduct upon his employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of his life and will prevent him from functioning as he did prior to the conduct complained of herein.

30. Further, FASNY's discriminatory practices were willful and done with malice and/or reckless indifference to Plaintiff's protected rights, such that, in addition to all the measures of relief cited herein to which Plaintiff is entitled, FASNY should be required to pay liquidated damages as punishment for its willful violation of the ADEA.

31. As a direct and proximate result of FASNY's violation of Plaintiff's rights under the ADEA, FASNY is liable to Plaintiff for back pay, front pay, and liquidated damages in an amount to be determined at trial, pursuant to 29 U.S.C. §626(b).

32. As a direct and proximate result of FASNY's violation of Plaintiff's rights under the ADEA, FASNY is further liable to Plaintiff for attorney's fees, and other equitable and/or declaratory relief pursuant to 29 U.S.C. §626.

33. Plaintiff therefore seeks judgment against FASNY on this First Cause of Action for back pay, front pay, and liquidated damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and declaratory and/or equitable relief.

## SECOND CAUSE OF ACTION

34. The acts committed by FASNY as set forth at length in paragraphs "1" through "24" of this Complaint, which are all deemed a part of this cause of action, constitute an unlawful discriminatory practice against Plaintiff in violation of the NYSHRL.

35. The acts and conduct complained of herein took place as a result of Plaintiff's membership in a protected class and all took place while Plaintiff was an employee of FASNY and in the course of his FASNY employment.

36. The acts and conduct complained of herein supporting Plaintiff's claims for discrimination were committed by FASNY personnel for whose acts FASNY is liable.

37. The acts and conduct complained of herein supporting Plaintiff's claims for discrimination were used as a basis for decisions affecting the terms, conditions, and privileges of Plaintiff's employment, including without limitation his ultimate discharge from FASNY.

38. As a direct and proximate result of FASNY's conduct, Plaintiff has suffered and will continue to suffer from, among other things, a significant loss of income, benefits, as well as other losses associated with the effects of FASNY's conduct upon Plaintiff's employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effects upon the quality of his life and will prevent him from functioning as he did prior to the conduct complained of herein.

39. FASNY's discriminatory conduct so degraded Plaintiff physically, mentally, and emotionally that, as a proximate result of FASNY's violation of his civil rights, Plaintiff has

suffered, and will continue to suffer, among other things, mental and emotional injuries.

40. As a direct and proximate result of FASNY's violation of Plaintiff's rights under the NYSHRL, FASNY is liable to Plaintiff for lost wages, benefits, compensatory and punitive damages pursuant to §297(4) (c) (iii), §297 (4) (c) (iv), and §297 (9) of the NYSHRL in an amount to be determined at trial.

41. Plaintiff therefore seeks judgment against FASNY on the Second Cause of Action for actual damages including loss of wages and benefits, compensatory and punitive damages in an amount to be determined at trial, plus costs and disbursements.

42. Plaintiff also seeks the imposition of the maximum civil fines and penalties against FASNY pursuant to §297(4) (c) (vi) of the NYSHRL for its willful, wanton, and malicious conduct.

### **THIRD CAUSE OF ACTION (BREACH OF CONTRACT)**

43. Plaintiff repeats and reiterates the allegations in Paragraphs "1" through "24" of this Complaint with the same force and effect as through fully stated herein.

44. FASNY breached the 2019 Agreement by failing to provide the requisite notice payment.

45. FASNY breached the 2020 Agreement by terminating Plaintiff's employment without cause as there was no position elimination, and not paying Plaintiff his contractual compensation.

46. FASNY has further breached the 2020 Agreement by not paying Plaintiff's benefits to which he is contractually entitled, including but not limited to health insurance premiums, FSA account, life insurance, and 401(K) contributions since his June 22, 2020 termination.

47. Plaintiff's damages were not only the proximate consequence of FASNY's

breach, but reasonably foreseeable and within the contemplation of the parties at the time the parties entered into the 2019 and 2020 Agreements.

48. Accordingly, Plaintiff is entitled to both compensatory and consequential damages.

49. Plaintiff therefore seeks judgment against FASNY on this Third Cause of Action for damages in an amount to be determined at trial, inclusive of the value of payment under the 2019 Agreement, and all compensation and benefits under the 2020 Agreement, plus interest from the earliest date of FASNY's breach, costs of this action, attorney's fees, and disbursements.

**WHEREFORE**, Plaintiff demands judgment against FASNY: (i) on the First Cause of Action for back pay, front pay, and liquidated damages in an amount to be determined at trial, plus costs, disbursements, attorney's fees, and other equitable and/or declaratory relief including reinstatement; (ii) on the Second Cause of Action for actual damages, including lost wages and benefits, and compensatory and punitive damages, plus costs, disbursements, and the imposition of the appropriate civil fine and penalty; (iii) on the Third Cause of Action for compensatory and consequential damages inclusive of the value of payment under the 2019 Agreement, and all compensation and benefits under the 2020 Agreement, plus interest from the earliest date of FASNY's breach, costs of this action, attorney's fees, and disbursements; and (iv) such other and further relief as this Court deems just and proper.

Dated:   Mount Kisco, New York
         July 27, 2021

                                        MARKUS & SHERIDAN, LLP

                                   By:  _____/s/_____
                                        Marc O. Sheridan
                                        *Attorneys for Plaintiff*
                                        116 Radio Circle, Suite 304
                                        Mount Kisco, New York 10549
                                        (914) 241-6300